IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LORRAINE C. WASHINGTON** <br><br> Plaintiff, <br><br> v. <br><br> **THE URBAN INSTITUTE** <br><br><br> Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 20-cv-01391-CJN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT RULE 16.3 REPORT

The parties to this case hereby submit this joint report pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.3, and this Court's Minute Order dated July 22, 2020. The Parties have conferred on the matters outlined in both rules, and the proposed discovery plan in this matter is as follows:

### A. Brief Statement of Parties' Cases

(1) *Plaintiff's Statement.*

This case arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendments Act of 2008, and the D.C. Human Rights Act, D.C. Code §§ 2-1401, and alleges that Defendant The Urban Institute failed to accommodate and discriminated against Plaintiff Lorraine Washington's disability when it removed an already in-place accommodation and demanded that she return to work-full time or she would be terminated. It also arises under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, alleging that defendant treated plaintiff's accommodation differently because of her race. Plaintiff, a 29-year employee of defendant, contends that she was competently performing her job with reasonable accommodations when defendant chose to end

1

her accommodations. She contends that there was no legitimate reasoning, such as an undue burden, that justified revoking the accommodation, and that Urban Institute's stated explanation for that action is pretextual.

(2) *Defendant's Statement.*

Plaintiff cannot establish a successful failure to accommodate claim, nor can she prevail on her disability and race discrimination claims.  Plaintiff's employment with Urban ended because she was unable to complete essential functions of her job position when accommodated with a part-time schedule; no alternate positions for which she was qualified could accommodate her requested schedule; and she did not identify any alternate opportunities for which she was qualified.  Plaintiff's disability and race discrimination claims are untenable because she has not identified and cannot identify similarly situated individuals that Defendant treated differently than Plaintiff.

**B.  Rule 16.3 Topics:**

(1) **Dispositive Motions**:  Plaintiff believes that she has properly pled her claims, and that there are various material and genuinely disputed issues of fact that must be decided by the jury which would preclude summary judgment.

Defendant expects the case to be resolved by summary judgment and believes it is entitled to judgment as a matter of law because there is no material fact in dispute.

(2) **Joinder of Parties or Amendment of Claims**:  The parties do not anticipate an amendment of claims or joinder of any other party.  The parties propose that any joinder of parties or amendment of claims should be filed not later than 60 days after the scheduling order is entered.

(3) **Assignment of Case to Magistrate Judge for All Purposes**:  The parties do not consent to the assignment of a Magistrate Judge for trial of this matter.  The parties do not object to the assignment of a Magistrate Judge with respect to other matters related to this lawsuit, including discovery disputes and mediation.

(4) **Settlement**:

The parties do not yet know if there is a realistic possibility of settlement, but are open to discussions aimed at resolving this case.

(5) **Alternative Dispute Resolution**:

The parties are open to either assignment of the case to the court's mediation program or to a Magistrate Judge for settlement conference after the parties have completed discovery but before dispositive motions have been filed. The parties agree that the filing of and responding to dispositive motions sharply increases the attorneys' fees and makes settlement more difficult.

(6) **Dispositive Motion Briefing**:  The parties agree that dispositive motions should be filed not later than 60 days following the close of discovery; oppositions thereto should be due 30 days after the filing of said dispositive motion; and replies should be due 21 days after filing of oppositions.

(7) **Initial Disclosures**: The parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

(8) **Discovery Schedule**:  The parties believe that discovery could be completed within 270 days, given the current pandemic and environment surrounding coronavirus' impact on the legal system.  The parties will work to attempt to agree upon the terms of an appropriate protective order and any issues regarding electronic discovery.

(9) **Expert Disclosures**: The parties propose that all experts be disclosed in accordance with Rule 26(a)(2) and in accordance with the following schedule: (1) either party who is the proponent of an expert would make disclosures within 80 days of the date of the scheduling order; (2) the opposing party would then have 45 days to make counter-disclosures, and (3) any supplementation of any disclosure 10 business days prior to any expert's deposition.

(10) **Class action**: This not a class action.

(11) **Bifurcation**: The parties do not anticipate the need to bifurcate the trial.

(12) **Pretrial and Trial**: Plaintiff asks that Court schedule pretrial and trial at the earliest availability consistent with this schedule.

(13) **Discovery Limitations**: At this time, the parties do not propose limitations on discovery beyond those contained in the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/
Richard A. Salzman (DC Bar No. 422497)
Sharon T. Rogart (DC Bar No. 1645202)
HELLER, HURON, CHERTKOF & SALZMAN
1730 M Street, NW; Suite 412
Washington, DC 20036
(202) 293-8090
Fax: (202) 293-7110
ras@hellerhuron.com
str@hellerhuron.com

Counsel for Plaintiff

AND

Sherron Thomas McClain (DC Bar No. 987190)
FISHER & PHILLIPS LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814

4

(301) 880-5014 (Tel.)
(301) 880-5031 (Fax)
sthomasmcclain@fisherphillips.com

Counsel for Defendant